**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**See page 2 for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☐ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer: BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, Connecticut 06106 | ( 860 ) 548-2700 | October    11 , 2011 <br> Month   Day   Year |

| ☒ Judicial District    ☐ G.A. <br> ☐ Housing Session    Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) <br> **HARTFORD** | Case type code *(See list on page 2)* <br> Major: **M**    Minor: **90** |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, Connecticut 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 296-3457 | |

| Number of Plaintiffs: **1** | Number of Defendants: **2** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Rodney Reid** <br> Address:    **280 Wethersfield Avenue, Hartford, CT 06114** | P-01 |
| **Additional Plaintiff** | Name: <br> Address: | P-02 |
| **First Defendant** | Name: **SDH Services East, LLC** <br> Address: **Agent For Service: Corporation Service System, 50 Weston Street, Hartford, CT 06120** | D-50 |
| **Additional Defendant** | Name: **Sodexho, Inc.** <br> Address: **Agent: Prentice Hall Corporation System, 50 Weston Street, Hartford, CT 06120** | D-51 |
| **Additional Defendant** | Name: <br> Address: | D-52 |
| **Additional Defendant** | Name: <br> Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Michael J. Reilly | Date signed <br> 9/16/11 |
|---|---|---|---|

| If this Summons is signed by a Clerk: <br> a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only <br> File Date <br> A TRUE COPY <br> ROBERT TASILLO <br> CONNECTICUT MARSHAL <br> (INDIFFERENT PERSON) |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| Michael J. Reilly, 364 Franklin Avenue, Hartford, Connecticut 06114 |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date <br> 9/16/11 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: OCTOBER 11, 2011  :  SUPERIOR COURT

RODNEY REID  :  JD OF HARTFORD

V.  :  AT HARTFORD

SDH SERVICES EAST, LLC and  :

SODEXHO, INC.  :  SEPTEMBER 16, 2011

## COMPLAINT

1.  Rodney Reid (hereinafter referred to as "the Plaintiff"), was at all times relevant to this action, and remains, a resident of 820 Wethersfield Avenue, Apartment B-1, Hartford, Connecticut.

2.  The Plaintiff is a black male of Jamaican national origin.

3.  The Plaintiff practices the Christian religion at the Revenant Church of God in Hartford, Connecticut.

4.  SDH Services East LLC is a foreign corporation duly authorized and conducting business in the state of Connecticut with a business address of 9801 Washingtonian Boulevard, Gaithersburg, Maryland.

5.  Sodexho, Inc. is a foreign corporation duly authorized and conducting business in the state of Connecticut with a business address of P.O. Box 352, Buffalo, New York.

6.  On information and belief, Sodexho, Inc. wholly owns SDH Services East LLC as a subsidiary company and maintains total control over its management and operations.

1

7. Sodexho, Inc. and SDH Services East LLC (collectively "the Defendants") provides food services at the University of Connecticut Health Center in Farmington, Connecticut.

8. The Plaintiff was hired on or about November 14, 2008 by the Defendants as a nutritional aide and worked for the Defendants until the date of his wrongful termination on September 23, 2010.

9. The Plaintiff filed a timely Complaint with the CHRO and received a right to sue from the CHRO on July 26, 2011. Said notice is appended hereto as "Exhibit A." This action is brought within 90 days of the right to sue notice.

10. On April 30, 2010, the Plaintiff was injured at work when he was struck by a food cart.

11. The Plaintiff duly filed a 30-C Notice of Claim for Workers' Compensation Benefits on May 10, 2010 and served notice of same upon the Defendants.

12. The injury caused the Plaintiff to miss work, undergo physical therapy, and require medication.

13. On or about June 30, 2010, the Plaintiff missed work to attend a doctor's appointment regarding his work injury.

14. The Plaintiff notified the Defendants of the appointment in advance, requested the accommodation of being able to miss work to attend the appointment, and gave the Defendants a note verifying he had attended said appointment. However, upon his return to work the Plaintiff received a written warning for missing work.

15. On or about July 11, 2010, the Plaintiff's supervisor, Marie, asked him to give her a scanner that was used to track food servings.

2

16. Rather than wait for the Plaintiff to give her the scanner, Marie reached into the Plaintiff's apron and in doing so touched his genitals. She intentionally allowed her hand to linger there for several seconds before taking the scanner so that her hand would stay in contact with the Plaintiff's genitals.

17. The Plaintiff objected to Marie's unwanted sexual contact, but she pretended to have no idea what the Plaintiff was referring to and stated that he should not be offended by being asked for a food scanner.

18. On or about August 20, 2010, a co-worker in the presence of the Plaintiff referred to all black people as "faggots."

19. This statement was made in front of several of the Plaintiff's co-workers and a supervisor.

20. The Plaintiff's supervisor did not take any remedial action against the co-worker who made the statement.

21. As a result, the co-worker continued to make offensive statements to the Plaintiff concerning his race and national origin.

22. On or about September 01, 2010 the Plaintiff again missed work to attend a doctor's appointment regarding his work injury.

23. Just as he'd done previously, the Plaintiff notified the Defendants of the appointment in advance, received permission to attend said appointment, and gave the Defendants a note verifying he had attended said appointment. However, just as before, upon return the Plaintiff was given a written warning for missing work.

24. On or about September 13, 2010 the Plaintiff was given another written warning. The Defendants stated reason for the written warning was that the Plaintiff was

3

attempting to push his religion on others. The Plaintiff did not push his religion on co-workers.

25. The Plaintiff had only offered consolation to a co-worker who had suffered the death of a close relative/friend and had not made any statements about his religion or beliefs.

26. Thereafter, the Plaintiff was terminated on September 23, 2010 for the stated reason of poor work performance.

27. On information and belief, the Defendants' stated reason for the Plaintiffs termination was a pretext for unlawful discrimination and retaliation.

**COUNT ONE:** Disability Discrimination in Violation of C.G.S. § 46a-60(a)(1).

1. Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this First Count as if fully set forth herein.

28. The Plaintiff was unequally treated and his employment was terminated because of his medical disability and request for accommodation. The Defendants did not provide the plaintiff with an accommodation that the Plaintiff required and the Defendants could have accommodated.

29. Upon receipt of knowledge of the Plaintiff's disability and medical condition, even though the Plaintiff was able to perform the essential functions of his job, the Defendants retaliated against the Plaintiff, denied the Plaintiff a reasonable accommodation, and terminated his employment.

30. The foregoing conduct of the Defendants, through their agents, servants, and/or employees, constitutes disability discrimination in violation C.G.S. §46a-60(a)(1).

4

31. As a result of the foregoing discriminatory conduct of the Defendants, through their agents, servants, and/or employees, the Plaintiff has suffered loss of wages, benefits, and bonuses.

32. As a further result of the foregoing discriminatory conduct of the Defendants, through their agents, servants, and/or employees, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

33. As a further result of the foregoing discriminatory conduct of the Defendants, through their agents, servants, and/or employees, the Plaintiff has lost a considerable amount of time from his gainful employment.  As such, the Plaintiff has suffered a substantial loss of income, health benefits, retirement benefits and will continue to suffer the loss of same all to his loss and detriment.

34. As a further result of the foregoing discriminatory conduct of the Defendants, through their agents, servants, and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:**        **Sex / Gender Discrimination in Violation of C.G.S. § 46a-60(a)(1)**

1. Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this Second Count as if fully set forth herein.

28. The foregoing conduct of the Defendants, acting through their agents, servants, and/or employees constitutes discrimination against the Plaintiff because of his sex/gender in violation of C.G.S. § 46a-60(a)(1).

29. As a result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has lost a considerable amount of

5

time from his gainful employment. As such, Plaintiff has suffered a substantial loss of income, health benefits, retirement benefits and will continue to suffer the loss of same all to his loss and detriment.

30. As a further result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

31. As a further result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**COUNT THREE:**   **Race/National Origin Discrimination in Violation of C.G.S. § 46a-60(a)(1)**

1. Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this Third Count as if fully set forth herein.

28. The foregoing conduct of the Defendants, acting through their agents, servants, and/or employees constitutes discrimination against the Plaintiff because of his race/national origin in violation of C.G.S. § 46a-60(a)(1).

29. As a result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has lost a considerable amount of time from his gainful employment. As such, Plaintiff has suffered a substantial loss of income, health benefits, retirement benefits and will continue to suffer the loss of same all to his loss and detriment.

30. As a further result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has suffered and will

6

continue to suffer in the future, considerable emotional and psychological pain and suffering.

31. As a further result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**COUNT FOUR:**       **Religion Discrimination in Violation of C.G.S. § 46a-60(a)(1)**

1. Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this Fourth Count as if fully set forth herein.

28. The foregoing conduct of the Defendants, acting through their agents, servants, and/or employees constitutes discrimination against the Plaintiff because of his race/national origin in violation of C.G.S. § 46a-60(a)(1).

29. As a result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has lost a considerable amount of time from his gainful employment. As such, Plaintiff has suffered a substantial loss of income, health benefits, retirement benefits and will continue to suffer the loss of same all to his loss and detriment.

30. As a further result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

31. As a further result of the aforementioned conduct of the Defendants, acting through their agents, servants and/or employees, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

**COUNT FIVE:**      **Retaliatory Discharge in violation of C.G.S. § 31-290a**

1. Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this Fifth Count as if fully set forth herein.

28. The actions of the Defendants, acting through their agents, servants, and/or employees, were intended to terminate the Plaintiff's employment because he was injured in the course of his employment and because he exercised his rights under the Workers' Compensation statute by filing a Form 30-C Notice of Claim for Compensation, in violation of Connecticut General Statute § 31-290a.

29. As a result of the Defendants' violation of C.G.S. § 31-290a and terminating the Plaintiff's employment, the Plaintiff has suffered lost compensation, including but not limited to lost wages, fringe benefits, pension credits, lost seniority, and the termination of his employment.

30. Additionally, as a direct and proximate result of the Defendants' actions, as aforesaid, the Plaintiff has suffered emotional distress, which the Defendants knew, or should have known, would result from their actions.

31. Furthermore, as a result of the Defendants' actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which he is entitled.

8

**WHEREFORE,** the Plaintiff prays for the following relief:

    1.      Assume jurisdiction over this matter;

    2.      Money damages;

    3.      Damages for lost wages, lost benefits, lost fringe benefits, front pay and reinstatement;

    4.      Damages for emotional distress;

    5.      Punitive damages;

    6.      Reasonable attorneys fee and costs; and

    6.      Such other relief as the Court deems appropriate.

THE PLAINTIFF,
RODNEY REID

By _____
Michael J. Reilly, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
860-296-3457 (tel)
860-296-0676 (fax)
Juris Number: 419987
Email: mreilly@cicchielloesq.com
His Attorneys

ATTEST:
A TRUE COPY

ROBERT J. TASILLO
CONNECTICUT MARSHAL
INDIFFERENT PERSON

9

RETURN DATE: OCTOBER 11, 2011    :    SUPERIOR COURT

RODNEY REID    :    JD OF HARTFORD

V.    :    AT HARTFORD

SDH SERVICES EAST, LLC and    :

SODEXHO, INC.    :    SEPTEMBER 16, 2011

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff in the above captioned matter hereby certifies that the amount in controversy exceeds $15,000.00, exclusive of costs and interest.

THE PLAINTIFF,
RODNEY REID

By _____
Michael J. Reilly, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
860-296-3457 (tel)
860-296-0676 (fax)
Juris Number: 419987
Email: mreilly@cicchielloesq.com
His Attorneys

ATTEST:
A TRUE COPY

ROBERT J. TASILLO
CONNECTICUT MARSHAL
INDIFFERENT PERSON

10

# EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Rodney Reid**
COMPLAINANT

vs.                                                          **DATE: July 26, 2011**

**Sodexo, Inc.**
RESPONDENT

CHRO Case No. 1110212
EEOC No. 16A20100298

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION    BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.
                                         Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc: Complainant by regular mail to:
Rodney Reid
820 Weathersfield Avenue, Apt. B
Hartford, CT 06114

Respondent's Contact Geonisa E. Harris by e-mail to: Geonisa.harris@sodexo.com